EDUARDO R. GONZALES-BLANCO, M.D., *et al.*, Plaintiffs-Appellants, *v.* GARY L. CLAYTON *et al.*, Defendants-Appellees.

First District (1st Division)    No. 83—1176

Opinion filed December 30, 1983.

Cyriac D. Kappil, of Chicago, for appellants.

Neil Hartigan, Attorney General, of Springfield (Karen Konieczny, Assistant Attorney General, of counsel), for appellees.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiffs appeal from an order of the circuit court of Cook County denying their petition for attorney fees and costs incurred in the successful appeal in *Gonzales-Blanco v. Clayton* (1982), 110 Ill. App. 3d 197, 441 N.E.2d 1308 (hereinafter referred to as *Gonzales-Blanco I*). The sole issue raised on appeal is whether plaintiffs should be awarded fees and costs pursuant to the Illinois Administrative Procedure Act (Ill. Rev. Stat. 1981, ch. 127, par. 1014.1(b)).

*Gonzales-Blanco v. Clayton* (1982), 110 Ill. App. 3d 197, 441 N.E.2d 1308, adequately sets forth the facts, and they will be restated here only to the extent necessary to discuss the issues. Plaintiffs,

eight medical students, appealed from the denial of temporary medical licenses by defendant, the Illinois Department of Registration and Education. The medical examining committee of the department had evaluated the plaintiffs' applications for licenses under guidelines contained in the department's revised Rule I and determined that temporary certificates should not be issued to plaintiffs. Plaintiffs appealed the department's decision contending that the revised Rule I was invalid and was misapplied to plaintiffs for a number of reasons. The trial court denied plaintiffs' relief and this court reversed. We held that the department's decision to hold plaintiffs' license applications for several months until the effective date of the revised Rule I was under the facts and circumstances of the case an improper retroactive application of the rule.

Plaintiffs subsequently filed a petition in the circuit court seeking attorney fees and costs from the department pursuant to section 14.1(b) of the Illinois Administrative Procedure Act. The section provides:

> "In any case in which a party has any administrative rule invalidated by a court for any reason, including but not limited to the agency's exceeding its statutory authority or the agency's failure to follow statutory procedures in the adoption of the rule, the court shall award the party bringing the action the reasonable expenses of the litigation, including reasonable attorney's fees." Ill. Rev. Stat. 1981, ch. 127, par. 1014.1(b).

The circuit court denied plaintiffs' petition because it found that this court had not held Rule I to be invalid. The court determined that section 14.1(b) should be narrowly construed. If given the construction proposed by plaintiffs, the court noted, the costs to taxpayers from the numerous administrative review cases filed each year would be monumental.

We affirm.

Plaintiffs argue that this court found in *Gonzales-Blanco I* that the department had exceeded its administrative authority. Plaintiffs cite the definition section of the Illinois Administrative Procedure Act, which states:

> " 'Rule' means each agency statement of general applicability that implements, applies, interprets, or prescribes law or policy, but does not include (a) statements concerning only the internal management of an agency and not affecting private rights or procedures available to persons or entities outside the agency, (b) informal advisory rulings issued pursuant to Section 9, (c) intra-agency memoranda or (d) the prescription of standardized

forms." (Ill. Rev. Stat. 1981, ch. 127, par. 1003.09.)

Plaintiffs argue that retroactivity is an application, implementation or interpretation of substantive rights and policy under the statute and that it is not merely an internal or procedural affair.

Plaintiffs also argue that the word "invalid" does not necessarily mean void. Plaintiffs contend that this court's earlier opinion held Rule I to be invalid by denying its retroactive application and, therefore, they are entitled to attorney fees.

The department argues that an examination of the language of the statute mandates the conclusion that it does not apply to the case at bar. The department contends that neither this court nor the circuit court invalidated an administrative rule in *Gonzales-Blanco I*. They point out that this court declined to reach the numerous constitutional questions raised by plaintiffs. Further, the department cites *Stein v. Howlett* (1972), 52 Ill. 2d 570, 289 N.E.2d 409, for the proposition that the validity of a statute and its application are distinct questions. Section 14.1(b), they assert, requires a showing that an administrative rule was voided and held for nought as was not the ruling in this court's earlier opinion.

The right to recover attorney fees from one's opponent did not exist at common law. (*M & W Gear Co. v. AW Dynamometer, Inc.* (1981), 97 Ill. App. 3d 904, 915, 424 N.E.2d 356, 366.) The successful party may not recover attorney fees or costs unless provided for by statute or agreement of the parties. (*Hamer v. Kirk* (1976), 64 Ill. 2d 434, 437, 356 N.E.2d 524, 525.) Since statutes which permit attorney fees and costs to be assessed are in derogation of the common law, they are strictly construed. *Department of Revenue v. Appellate Court* (1977), 67 Ill. 2d 392, 267 N.E.2d 1302.

■■ Section 14.1(b) provides for the recovery of attorney fees in any case in which a party has an administrative rule invalidated. In construing this statute this court must give the language of the statute its plain and ordinary meaning. The intent of the legislature should be determined and given effect. (*City of East Peoria v. Group Five Development Co.* (1981), 87 Ill. 2d 42, 429 N.E.2d 492.) Webster's Third New International Dictionary 1188 (1976) defined "invalid" as "being without legal force or effect." Nothing in our opinion in *Gonzales-Blanco I* in any way invalidated a rule of the department. In this action to recover fees, plaintiffs are requesting this court to grant the relief, namely declare revised Rule I to be unconstitutional, which both this court and the trial court denied previously.

■■ Plaintiffs argue, in effect, that under the definition of "rule" in section 3.09 (Ill. Rev. Stat. 1981, ch. 127, par. 1003.09), the depart-

ment's application of revised Rule I to plaintiffs was itself a rule. We reject this argument. In *Gonzales-Blanco I* this court specifically preserved the validity of Rule I. The action taken by the department with respect to plaintiffs which formed the basis of the earlier opinion, was not an agency statement of general application. From our holding in *Gonzales-Blanco I* plaintiffs are not within the scope of the attorney fees statute now being asserted.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

BUCKLEY, P.J., and McGLOON, J., concur.