EVERETT ACKERMAN, Plaintiff-Appellee, v. THE DEPARTMENT OF PUBLIC AID *et al.*, Defendants-Appellants.

Third District   No. 3—84—0200

Opinion filed November 16, 1984.

Neil F. Hartigan, Attorney General, of Springfield (Karen Konieczny, Assistant Attorney General, of counsel), for appellants.

Daniel L. Blauw, of Prairie State Legal Services, of Rock Island, and Bernard Shapiro, of Rockford, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

The Illinois Administrative Procedure Act provides as follows:

"In any case in which a party has any administrative rule invalidated by a court for any reason, including but not limited to the agency's exceeding its statutory authority or the agency's failure to follow statutory procedures in the adoption of the rule, the court shall award the party bringing the action the reasonable expenses of the litigation, including reasonable attorney's fees." (Ill. Rev. Stat. 1983, ch. 127, par. 1014.1(b).)

The plaintiff Ackerman brought suit against the Illinois Department of Public Aid, seeking to have the termination of his disability assistance reversed. Also, he sought to have declared invalid the Department's procedure of holding administrative hearings by telephone conference call. The circuit court of Rock Island County reversed the finding as to plaintiff's disability, and entered a finding that:

"The defendant, Illinois Department of Public Aid, failed to comply with statutory requirements concerning plaintiff's right to appear in person before the hearing officer in the County of plaintiff's residence."

The plaintiff then applied to the circuit court for an allowance of attorney fees pursuant to section 14.1(b) of the Administrative Procedure Act (Ill. Rev. Stat. 1983, ch. 127, par. 1014.1(b)). The trial court awarded fees in the amount of $1,181.25. It is from this order that the Illinois Department of Public Aid appeals, urging that the trial court's order did not invalidate any administrative rule nor did it contain a finding that the agency failed to follow statutory procedures in the adoption of a rule.

The Department of Public Aid, in support of its argument, stresses the fact that its practice of conducting administrative hearings by telephone conference calls was never formally adopted as a rule by the Department.

If telephone conference hearings were never authorized by a rule, it could be logically argued that the Department violated section 14.1(b) as to that portion of the section which provided that expenses, including reasonable attorney fees, shall be awarded when an agency has exceeded its statutory authority. That administrative hearings conducted by telephone conference calls is a practice which exceeds statutory authority was established by this court in the recent case of *Sleeth v. Department of Public Aid* (1984), 125 Ill. App. 3d 847, 466 N.E.2d 703. The trial court in the instant case reached its decision without the benefit of the case of *Sleeth*. As in *Sleeth*, the trial court determined that procedures used by the Department of Public Aid for conducting a telephone conference hearing did not comply with the statutory requirement concerning a person's right to appear in person before a hearing officer in the county where the person resides. Placing requirements upon an individual which are not authorized by statute is clearly a case of overreaching or exceeding authority as contemplated by section 14.1(b).

The Department is correct in its assertion that the procedure it followed in holding administrative hearing by telephone conference call was never formally adopted as a rule of the Department. A rule is defined as a principle, procedure or regulation governing conduct or action. (See The Random House Dictionary (unabr. ed. 1966).) The Department does not deny that administrative hearings were held by a telephone conference call, nor is it denied that a person seeking a hearing was compelled to comply with such a procedure. Failure to submit to such a procedure resulted in no hearing being afforded to

the person entitled to one. Though never formally adopted as a rule and included in the Department's manual, the procedure nevertheless had the effect, force and impact of a rule.

It is interesting to note that, in Rule 235.7 of the Department's manual of rules concerning aid to the aged, blind and disabled, the following appears:

"In offices where on site hearings are conducted, give a copy of Form DPA 102 to the hearing officer during the hearing. In offices where telephone hearings are conducted, mail a copy of Form DPA 102 and other appeal related documents to the assistance hearing section after the appeal hearing."

The implication of the above language contained in the Department's manual is that the procedure of telephone conference hearings was given the status of a rule. Such hearings were obviously condoned by the Department's manual of rules. Having declared that such hearings were invalid, the trial court correctly awarded attorney fees to the plaintiff Ackerman.

The Department further argues that no statutory authorization of an award of attorney fees exists and hence the trial court's order is void because a money judgment against the State is barred by sovereign immunity. Having determined that the telephone procedure constituted a rule and then applying the provisions of section 14.1(b) (Ill. Rev. Stat. 1983, ch. 127, par. 1014.1(b)), it can be determined that the sovereign immunity argument of the State is devoid of merit.

For the reasons set forth, the order of the circuit court of Rock Island County is affirmed, and this case is remanded to said court for a determination and allowance of additional fees incurred by the plaintiff in responding to this appeal.

Affirmed and remanded with directions.

HEIPLE and STOUDER, JJ., concur.