ROBERT J. NAVARRO, Plaintiff-Appellee, v. JIM EDGAR, Secretary of State, *et al.*, Defendants-Appellants.

First District (1st Division)   No. 85—1651

Opinion filed June 16, 1986.

Neil F. Hartigan, Attorney General, of Springfield (Gabriel M. Rodriguez, Assistant Attorney General, of Chicago, of counsel), for appellants.

Michael D. Gerstein, of Chicago, for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Defendants Jim Edgar, Secretary of State, and H. Liberman, hearing officer, appeal from the trial court's order of May 14, 1985,

granting attorney fees and costs to be assessed against them pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—611).

As a result of his involvement in a traffic collision, plaintiff, Robert Navarro, was served with a notice of suspension of his driver's license and driving privileges. Plaintiff requested a hearing, which was set for November 28, 1984. At that time, plaintiff claims that his counsel appeared on his behalf and that the hearing officer present refused to convene the hearing in the presence of counsel and his court reporter, and that thereafter, the Secretary of State, without just cause or sufficient evidence, issued the decision of its hearing officer suspending plaintiff's license and registration privileges. On November 29, 1984, the administrative hearing department of the Secretary of State issued its order of suspension effective December 19, 1984.

On December 6, 1984, plaintiff filed a complaint for administrative review in the circuit court seeking a temporary restraining order and also seeking to enjoin permanently defendants from suspending his license and privileges and for the assessment of costs of the administrative review action, transcript of proceedings and attorney fees. That same day, the trial court entered its order providing that the order of suspension be vacated and the matter remanded to the Secretary of State to hold a hearing *de novo* within 45 days of the court's order. The order also provided that the suit be dismissed subject to the provisions of its order and that hearing on costs and attorney fees be reserved for further hearing.

On December 11, 1984, plaintiff filed a motion to assess attorney fees and costs against defendants pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—611). In it, plaintiff alleged that he had prevailed in his administrative review action and that defendants had made an untrue allegation at the administrative level, as a result of which plaintiff was required to expend attorney fees and costs. The complained-of allegation consisted of the following phrase which appeared as part of the standard form order of suspension issued by the Secretary of State's office: "Evidence, testimony and exhibits having been offered into evidence and received, arguments of counsel having been heard and proper record of proceedings having been made and preserved ***." Plaintiff subsequently filed a supplemental motion to assess fees, in which he alleged that he was alternatively entitled to fees and costs pursuant to the Illinois Administrative Procedure Act (Ill. Rev. Stat. 1983, ch. 127, par. 1014.1(b)).

A hearing on plaintiff's motion was held on May 13, 1985, at which time the trial court denied defendants leave to file their answer to the complaint in administrative review. At the conclusion of the hearing, the court granted plaintiff's attorney fees in the amount of $2,576.94 plus costs.

On appeal, defendants claim that the circuit court abused its discretion in awarding plaintiff costs and fees under section 2—611, because that section provides no basis for such an award where the alleged untrue statement is neither an allegation or a denial and is not contained within a pleading. Alternatively, defendants claim that even if section 2—611 were applicable to the instant case, plaintiff failed to establish a *prima facie* case under the statute. We need not reach this contention, however, because we agree with defendants' argument that the statute was not meant to apply to the instant situation and, accordingly, we reverse the judgment of the trial court.

█ It is well settled that in the absence of a statute or contractual agreement, attorney fees and other ordinary expenses resulting from the burden of litigation may not be awarded to the successful party, and an established corollary is that the recovery of such costs, resting entirely upon statutory provision, must be strictly construed. *Dulin, Thienpont, Potthast & Snyder, Ltd. v. Packaging Personified, Inc.* (1980), 89 Ill. App. 3d 647, 650, 411 N.E.2d 1173.

Section 2—611 vests the court with the power to assess costs and fees in certain situations. The section provides:

> "Untrue statements. Allegations and denials, made without reasonable cause and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court upon motion made within 30 days of the judgment or dismissal.
>
> The State of Illinois or any agency thereof shall be subject to the provisions of this Section in the same manner as any other party.
>
> Where the litigation involves review of a determination of an administrative agency, the court shall include in its award for expenses an amount to compensate a party *for costs actually incurred by that party in contesting on the administrative level an allegation or denial made by the State without reasonable cause and found to be untrue.*" (Emphasis added.) Ill. Rev. Stat. 1983, ch. 110, par. 2—611.

The section, which is penal in nature, allows for sanctions against

those litigants who file false pleadings thereby placing an unnecessary onus upon their opponents to expend additional monies to defend or refute the frivolous allegation or denial. *Perlis v. Exchange National Bank* (1967), 87 Ill. App. 2d 369, 231 N.E.2d 681, *appeal denied* (1968), 37 Ill. 2d 627.

■ The statement complained of in the instant case is neither an allegation nor a denial within the ambit of the statute; rather, it is merely a form order which is required to be filed by the Secretary of State as part of the administrative record on review to the circuit court.

Further, the instant case was disposed of on the same day that the complaint was filed and summons issued, and defendants were thereafter precluded from filing any responsive pleadings. Under these facts, it cannot be said that untrue allegations by defendants either protracted the litigation or put plaintiff to additional proof. The operative fact in this case was the suspension of plaintiff's license, and the costs and expenses of setting such order aside would have been the same if the subject order containing the allegedly untrue allegations had never been filed. We do not believe that section 2—611 was meant to apply to these circumstances. See *Tabor & Co. v. Gorenz* (1976), 43 Ill. App. 3d 124, 356 N.E.2d 1150 (award of attorney fees and mileage costs incurred as a result of false statement in a certificate of mailing held not to fall within the purpose of the statute).

■ Plaintiff also contends that section 14.1 of the Illinois Administrative Procedure Act provides an alternative basis for an award of fees and costs claiming proof in the record that defendants violated their own rules and thereby exceeded their statutory authority. The section provides:

> "(b) In any case in which a party has any administrative rule invalidated by a court for any reason, including but not limited to the agency's exceeding its statutory authority or the agency's failure to follow statutory procedures in the adoption of the rule, the court shall award the party bringing the action the reasonable expenses of the litigation, including reasonable attorney's fees." Ill. Rev. Stat. 1983, ch. 127, par. 1014.1(b).

In *Gonzales-Blanco v. Clayton* (1983), 120 Ill. App. 3d 848, 458 N.E.2d 1156, the court recognized the plain and ordinary meaning of the statute to envision awards only in those situations where an administrative rule has been declared invalid. 120 Ill. App. 3d 848, 850, 458 N.E.2d 1156.

Plaintiff cites *Ackerman v. Department of Public Aid* (1984), 128

Ill. App. 3d 982, 471 N.E.2d 931, in support of his claim that although the lower court did not invalidate any rule of defendants, defendants still exceeded their statutory authority by their failure to follow adopted rules, providing a sufficient basis for assessing fees under the statute. We disagree and find plaintiff's reliance on *Ackerman* to be misplaced. In that case, plaintiff successfully challenged that defendant agency's procedure of providing hearings by telephone conference calls. The circuit court reversed the denial of plaintiff's disability assistance and awarded fees pursuant to section 14.1(b). In affirming the fee award, the appellate court relied on evidence that the hearing procedure was an established departmental practice which was recognized and condoned by other provisions in the department's manual. The court thus concluded that although "never formally adopted as a rule *** the procedure nevertheless had the effect, force and impact of a rule." 128 Ill. App. 3d 982, 984, 471 N.E.2d 931.

The record in the instant case provides no evidence that the practice complained of was an established one, or that it had achieved any degree of general application. As such, we find no basis upon which to authorize the granting of fees under statute.

Based on the foregoing, the judgment of the circuit court of Cook County is reversed.

Reversed.

QUINLAN, P.J., and BUCKLEY, J., concur.