EDWARD W. ARDT, Plaintiff-Appellee, v. THE STATE OF ILLINOIS *et al.*, Defendants-Appellants.

First District (4th Division)    No. 1—96—2064

Opinion filed October 30, 1997.

Edgar A. Blumenfeld and James Goodman, both of Chicago, for appellee.

James E. Ryan, Attorney General, of Chicago (Cacilia Reich Masover, Assistant Attorney General, of counsel), for appellants.

JUSTICE McNAMARA delivered the opinion of the court:

Defendants, the State of Illinois and the Department of Professional Regulation (hereinafter together referred to as the Department), appeal from an order of the circuit court of Cook County awarding attorney fees in the amount of $58,881 to plaintiff, Edward Ardt, under section 10—55(c) of the Illinois Administrative Procedure Act (5 ILCS 100/10—55(c) (West 1992)). The Department argues that the trial court erred in awarding plaintiff all of the attorney fees he requested because the Administrative Procedure Act allows fees to be awarded only in limited circumstances. Specifically, the Department argues that a portion of the attorney fees plaintiff was awarded did not relate to the invalidation of any administrative rules. The Department also argues that the fee award was not reasonable as required under section 10—55(c).

■ Section 10—55(c) provides:

"(c) In any case in which a party has any administrative rule invalidated by a court for any reason, including but not limited to the agency's exceeding its statutory authority or the agency's failure to follow statutory procedures in the adoption of the rule, the court shall award the party bringing the action the reasonable ex-

penses of the litigation, including reasonable attorney's fees." 5 ILCS 100/10—55(c) (West 1992).

Plaintiff filed his petition seeking attorney fees under section 10—55(c) following the Illinois Supreme Court's issuance of *Ardt v. Illinois Department of Professional Regulation*, 154 Ill. 2d 138, 607 N.E.2d 1226 (1992), *aff'g* 218 Ill. App. 3d 61, 578 N.E.2d 128 (1991). The facts and issues involved in the administrative action brought by the Department against plaintiff are stated in detail in these prior decisions. They will be restated here only to the extent necessary to resolve the Department's contentions concerning the trial court's award of fees to plaintiff.

In 1989, the Department filed a complaint against plaintiff, a practicing dentist, alleging that he had violated provisions of the Illinois Dental Practice Act (Ill. Rev. Stat. 1987, ch. 111, par. 2301 *et seq.*) (now 225 ILCS 25/1 *et seq.* (West 1992)). Following an administrative hearing, plaintiff was found to have violated sections 23 and 45 of the Dental Practice Act and certain administrative regulations promulgated thereunder by using the terms "family dentistry," "total comfort," and "quality" in his advertising. The Department fined plaintiff $500 and placed him on probation for two years. During that time, plaintiff was to submit copies of all of his advertisements to the Department and to publicly display his license, which was stamped to indicate that he was on probation.

Plaintiff sought administrative review of the Department's decision. Among other things, plaintiff challenged the validity of the advertising provisions under which he was charged, claiming that the provisions violated his first amendment right to free speech. Plaintiff also filed a petition for a stay of the Department's sanctions pending review. The circuit court granted the stay, despite the Department's argument that, under section 32 of the Dental Practice Act (Ill. Rev. Stat. 1987, ch. 111, par. 2332), "all sanctions *** shall remain in full force and effect" during the pendency of judicial review. The circuit court did not find section 32 unconstitutional, but held that it should apply only where a dentist's professional competence is in question. The court found that, in plaintiff's circumstances, there was no potential harm to the public, and plaintiff's practice would suffer if he were forced to display his probationary license during the period of judicial review.

The Department filed an interlocutory appeal seeking reversal of the stay order. That appeal was later consolidated with plaintiff's appeal from the trial court's decision affirming the Department's determination on the merits. In *Ardt v. Department of Professional Regulation*, 218 Ill. App. 3d 61, 578 N.E.2d 128 (1991), this court found that

the circuit court had the authority to grant the stay order. Specifically, we held that because it improperly restricted the equitable power of the court to issue a stay where appropriate, section 32 improperly infringed on the power of the judiciary and was unconstitutional. *Ardt*, 218 Ill. App. 3d at 65, 578 N.E.2d at 132. This court also held that section 1220.421 of the Department's regulations (68 Ill. Adm. Code § 1220.421 (1988 Supp.)) was an unconstitutional abridgement of plaintiff's freedom of speech to the extent that it categorically barred use of the term "family dentistry," and that a later version of section 1220.421 could not be applied retroactively to plaintiff. *Ardt*, 218 Ill. App. 3d at 67-68, 578 N.E.2d at 132. It was also determined that the Department's outright prohibition of the terms "quality dentistry" and "total comfort" in advertising was not unconstitutional. *Ardt*, 218 Ill. App. 3d at 68, 578 N.E.2d at 132. Finally, this court rejected plaintiff's arguments that he was denied procedural due process and equal protection of the law. *Ardt*, 218 Ill. App. 3d at 69-70, 578 N.E.2d at 132-33.

The Illinois Supreme Court affirmed the decision of this court. *Ardt v. Illinois Department of Professional Regulation*, 154 Ill. 2d 138, 607 N.E.2d 1226 (1992). Like this court, the supreme court concluded that section 32 of the Dental Practice Act was unconstitutional in that it improperly restricted the inherent power of the court to issue a stay where appropriate. *Ardt*, 154 Ill. 2d at 151, 607 N.E.2d at 1232. Moreover, though it noted that "[t]he Department does not contest the appellate court's conclusion," the court expressed its agreement that section 1220.421's total ban on the term "family dentistry" was unconstitutional and that a 1989 version of that regulation could not be given retroactive effect. *Ardt*, 154 Ill. 2d at 152-53, 607 N.E.2d at 1233. Finally, the court affirmed the determination that the Department's ban of the terms "quality dentistry" and "total comfort" in advertising was not an unconstitutional violation of plaintiff's right to free commercial speech. *Ardt*, 154 Ill. 2d at 155, 607 N.E.2d at 1233-35.

Following the issuance of the supreme court's opinion, plaintiff filed in the Illinois Court of Claims a petition seeking attorney fees under section 10—55(c) of the Administrative Procedure Act (5 ILCS 100/10—55(c) (West 1992)). The Court of Claims dismissed the petition for lack of jurisdiction. Plaintiff refiled his petition in the circuit court of Cook County. Plaintiff alleged that, under section 10—55(c), he was entitled to his litigation expenses and attorney fees for his defense and prosecution of appeals to the circuit court, appellate court, and the supreme court. Plaintiff attached as an exhibit to his petition an itemized billing statement. On May 20, 1996, the trial

court awarded plaintiff $58,881, the full amount of fees requested in his petition. The Department appeals.

The Department contends that plaintiff was not entitled to all of the attorney fees he incurred, but only those "which related to the invalidation of an administrative rule, and which were not unreasonable." The Department contends that the only administrative rule invalidated during the extensive litigation between the Department and plaintiff was section 1220.421 of title 68 of the Illinois Administrative Code (68 Ill. Adm. Code § 1220.421 (1988 Supp.)), and that plaintiff is entitled to only those fees expended on that issue in the appellate court where section 1220.421 was found unconstitutional. According to the Department, plaintiff is not entitled to any fees incurred in the circuit court, where the Department's sanctions were upheld. Nor is plaintiff entitled to any fees incurred at the supreme court level, the Department contends, because the Department did not challenge before the supreme court the appellate court's findings concerning section 1220.421. The Department also argues that plaintiff is not entitled to any fees relating to the Illinois Supreme Court's determination that section 32 of the Dental Practice Act was unconstitutional. According to the Department, section 10—55(c) does not allow for fees incurred in successfully invalidating a statutory enactment. The Department also asserts that where plaintiff was unsuccessful in challenging the Department's ban on the terms "quality dentistry" and "total comfort" and failed to convince any court that he was deprived of due process and equal protection, he should not receive an award for all of the attorney fees he incurred. Finally, the Department challenges the amount of fees awarded to plaintiff as unreasonable, in that his attorney billed plaintiff for 20 to 24 hours a day on certain dates.

■ A party may not recover attorney fees or costs unless provided for by statute or agreement of the parties. *Gonzales-Blanco v. Clayton*, 120 Ill. App. 3d 848, 458 N.E.2d 1156 (1983). Statutes that provide for an award of attorney fees and costs are in derogation of common law and must be strictly construed. *Berrios v. Rybacki*, 236 Ill. App. 3d 140, 603 N.E.2d 659 (1992); *Navarro v. Edgar*, 145 Ill. App. 3d 413, 495 N.E.2d 1085 (1986); *Gonzales-Blanco*, 120 Ill. App. 3d at 850, 458 N.E.2d at 1158.

■ Section 10—55(c), set forth above, provides for the recovery of attorney fees in any case in which a party has an administrative rule invalidated by a court. 5 ILCS 100/10—55(c) (West 1992). A rule is defined as a principle, procedure, or regulation governing conduct or action. *Ackerman v. Department of Public Aid*, 128 Ill. App. 3d 982, 983, 471 N.E.2d 931 (1984), citing The Random House Dictionary,

Unabridged Edition (1966). One of the purposes behind section 10—55(c) is to provide incentive to those subject to regulation to oppose doubtful rules where compliance would otherwise be less costly than litigation. *City of Chicago v. Illinois Commerce Comm'n*, 187 Ill. App. 3d 468, 543 N.E.2d 336 (1989); *Kaufman Grain Co. v. Department of Agriculture*, 179 Ill. App. 3d 1040, 534 N.E.2d 1259 (1988); *Board of Education of School District No. 170 v. Illinois State Board of Education*, 122 Ill. App. 3d 471, 461 N.E.2d 567 (1984).

■ Initially, we reject the Department's argument that plaintiff is not entitled to any fees incurred in the circuit court, where, thereafter, plaintiff successfully argued to this court that section 1220.421's ban on the term "family dentistry" was unconstitutional. Moreover, we disagree with the Department that plaintiff is not entitled to any fees for work performed by his attorney in the Department's appeal and plaintiff's cross-appeal to the Illinois Supreme Court. Instead, we conclude that the Illinois Supreme Court ultimately invalidated the Department's ban on the term "family dentistry." The supreme court stated:

> "The appellate court held that the previous administrative regulation, which was in effect when Ardt publicized his allegedly improper advertising, was an unconstitutional abridgement of Ardt's freedom of speech to the extent that it categorically barred use of the term 'family dentistry.' The court found that the term was only potentially misleading, as it could apply simply to the dentist's client base rather than to a dental specialty. We agree with the appellate court that such a total ban of the term is unconstitutional. [Citation.] We agree also that the 1989 regulation should not be given retroactive effect." *Ardt*, 154 Ill. 2d at 152, 607 N.E.2d at 1232.

As the Department points out, the supreme court acknowledged in its next statement that "[t]he Department does not contest the appellate court's conclusion." *Ardt*, 154 Ill. 2d at 152-53, 607 N.E.2d at 1232. Nevertheless, where plaintiff's argument concerning section 1220.421 was expressly adopted by the Illinois Supreme Court, we conclude that plaintiff successfully invalidated an administrative rule in that court.

Moreover, it is certainly arguable that the supreme court invalidated another administrative rule in finding that section 32 of the Dental Practice Act infringed on the inherent power of the court to issue a stay where appropriate. Clearly, the Department's usual practice and procedure was to keep sanctions "in full force and effect" during the period of judicial review. Indeed, in plaintiff's case, he was to display his probationary license during a two-year period.

In requesting and successfully securing a stay despite the Department's usual practice of keeping sanctions in effect, plaintiff initiated the process that ultimately resulted in the supreme court's determination that section 32 was unconstitutional. *Ackerman v. Department of Public Aid*, 128 Ill. App. 3d 982, 471 N.E.2d 931 (1984), provides support for the assertion that this amounted to the invalidation of an administrative rule. In *Ackerman*, the plaintiff sought attorney fees after he successfully challenged the use of telephone conference calls to conduct administrative hearings. The Department of Public Aid argued that plaintiff was not entitled to fees because the practice of conducting administrative hearings by telephone conference call was never formally adopted as a rule. This court rejected the Department's argument, holding: "Though never formally adopted as a rule and included in the Department's manual, the procedure nevertheless had the effect, force and impact of a rule." *Ackerman*, 128 Ill. App. 3d at 984, 471 N.E.2d at 933. Where the trial court determined that such telephone hearings were invalid, the trial court correctly awarded attorney fees to the plaintiff. *Ackerman*, 128 Ill. App. 3d at 984, 471 N.E.2d at 933. Similarly, in the present case, it is certainly arguable that the supreme court invalidated an administrative rule in finding that the usual requirement of keeping sanctions in full force and effect infringed on the court's inherent authority to enter a stay when appropriate.

We find it unnecessary to make this determination, however, because we have already concluded that the supreme court invalidated at least one administrative rule, and we further conclude that plaintiff is entitled to reasonable fees incurred in the entire action culminating in the supreme court's decision. We reach this conclusion upon reviewing case law involving other statutory fee provisions.

In federal cases, where a party seeks fees under the Civil Rights Attorney Fees Award Act of 1976 (42 U.S.C. § 1988 (1994)), the amount of reasonable fees must be determined on the facts of each case and is within the district court's discretion. *Hensley v. Eckerhart*, 461 U.S. 424, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983). Where a plaintiff has brought several claims, some completely unrelated to the civil rights claim, the hours spent on unsuccessful claims may be excluded. Yet, where multiple claims for relief arise from a common core of facts or related legal theories, much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. In these circumstances, a fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit.

*Hensley*, 461 U.S. at 434-35, 76 L. Ed. 2d at 54-55, 103 S. Ct. at 1939-40.

Illinois courts have adopted a similar analysis in cases involving the statutory attorney fee provisions of the Nursing Home Care Reform Act (210 ILCS 45/3—602 (West 1994)), the Mortgage Act (765 ILCS 905/4 (West 1994)), and the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/10a(c) (West 1992)). In *Berlak v. Villa Scalabrini Home for the Aged, Inc.*, 284 Ill. App. 3d 231, 671 N.E.2d 768 (1996), this court held that the plaintiff's award of attorney fees under the Nursing Home Care Act (210 ILCS 45/3—602 (West 1994)) should not have been reduced solely because she prevailed at trial on only one count of her complaint, where all four counts of the plaintiff's complaint involved a common core of facts and similar theories of liability. Since the claims were related, no reduction of attorney fees was required due to her failure to recover on the remaining three counts. *Berlak*, 284 Ill. App. 3d at 243, 671 N.E.2d at 773. A similar determination was made in *American Garden Homes, Inc. v. Gelbart Fur Dressing*, 238 Ill. App. 3d 64, 606 N.E.2d 106 (1992), where fees were sought under the Mortgage on Real and Personal Property Act (Ill. Rev. Stat. 1973, ch. 95, par. 54 (now the Mortgage Act, 765 ILCS 905/4 (West 1992))).

Cases involving statutory fees under the Consumer Fraud Act (815 ILCS 505/10a(c) (West 1992)) have reached contrasting results. While some plaintiffs were found entitled only to those fees incurred on their consumer fraud claims (*Roche v. Fireside Chrysler-Plymouth, Mazda, Inc.*, 235 Ill. App. 3d 70, 600 N.E.2d 1218 (1992); *Rubin v. Marshall Field & Co.*, 232 Ill. App. 3d 522, 597 N.E.2d 688 (1992)), other plaintiffs were awarded fees incurred on all claims brought, even if they were unsuccessful (*Ciampi v. Ogden Chrysler Plymouth, Inc.*, 262 Ill. App. 3d 94, 634 N.E.2d 448 (1994)).

Turning back to the present case, section 10—55 applies only in cases where the action was initiated by an administrative agency. Paragraph (a) of section 10—55 allows for an award of litigation expenses, including fees, where the agency made an "allegation *** without reasonable cause and found to be untrue." 5 ILCS 100/10—55(a) (West 1994). That paragraph specifies that the award is for those expenses and fees "actually incurred in defending against that allegation." 5 ILCS 100/10—55(a) (West 1994). Paragraph (c) states that "[i]n any case in which a party has any administrative rule invalidated by a court for any reason *** the court shall award the party bringing the action the reasonable expenses of the litigation, including reasonable attorney's fees." 5 ILCS 100/10—55(c) (West 1994). The statute contains no limiting language as to what constitutes "reasonable expenses of the litigation" under paragraph (c).

Upon review of the legislative debates concerning section 10—55, it becomes clear that the comments of Representative Leinenweber, which the Department relies heavily upon, referred to paragraph (a), not paragraph (c). Rep. Leinenweber stated, "Now, if he's there for 15 different counts, and a 16th count is unreasonable and untrue and he has to defend, expend money and he can show how much he spent on that sixteenth cause, then he would be entitled to that small portion of his attorney fees, but he's not entitled to all of his fees based upon the very clear language of Senate Bill 355." 82d Ill. Gen. Assem., House Proceedings, October 28, 1981, at 79 (Statements of Rep. Leinenweber). These comments describe a hypothetical situation falling directly under the language of paragraph (a) in that the actual fees incurred in defending the untrue allegation, which would be readily distinguishable and calculable, would be awarded.

The circumstances in the present case are quite different, we believe. First, as stated earlier, paragraph (c) applies here, not paragraph (a). The legislative debates the Department cites make abundantly clear that the purpose behind paragraph (c) is to provide incentive to challenge doubtful administrative rules where compliance would otherwise be less costly. Here, this is exactly what plaintiff did, and his case went all the way to the Illinois Supreme Court. All of the issues litigated throughout the action arose from a common core of facts, those being the advertising violations plaintiff was charged with by the Department. In his challenges to the Department's power to sanction him under the relevant Dental Practice Act sections and regulations promulgated thereunder, plaintiff posed similar and related legal theories. Though only partially successful, plaintiff's challenges ultimately led to at least one administrative rule being invalidated by the Illinois Supreme Court. The issues involved in this lengthy litigation were complex and so inextricably intertwined, we believe, that the time plaintiff's attorney spent on each issue cannot and should not be distinguished for the purpose of determining the reasonable amount of fees due to plaintiff under section 10—55(c). Where nothing in paragraph (c) expressly requires such an approach, we decline to hold that plaintiff's fee award under these circumstances should be reduced through the piecemeal, claim-chopping approach that the Department advocates. Instead, we agree with the trial court that plaintiff is entitled to all reasonable fees incurred throughout the action culminating in the supreme court's decision.

We do agree with the Department's argument, however, that a remand is necessary for a more thorough reasonableness analysis of plaintiff's fee petition. It is well settled that the determination of

whether fees are reasonable is within the trial court's discretion. *Shortino v. Illinois Bell Telephone Co.*, 279 Ill. App. 3d 769, 665 N.E.2d 414 (1996). It follows therefore that a reviewing court must not conduct a *de novo* review of the fee petition to allow a second opportunity to question reasonableness. *Shortino*, 279 Ill. App. 3d at 772, 665 N.E.2d at 416. Yet, as the Department argues, the trial court here acted as if it had no discretion once it made the determination that plaintiff was entitled to fees incurred up to and including the appeal to the supreme court. At that point, the court merely approved the fee petition as presented. The Department points to at least four specific entries where plaintiff's counsel billed for over 20 hours per day. Indeed, on June 21, 1992, and June 22, 1992, plaintiff's counsel billed for 24 hours each day. We agree with the Department that the trial court should have conducted at least some inquiry into the reasonableness of these hours as well as the remainder of the fee petition. We therefore find it necessary to reverse the court's award of fees and remand for a more thorough inquiry, and if necessary, evidentiary hearing, into the reasonableness of plaintiff's fee petition.

Accordingly, for the reasons set forth above, we affirm the trial court's determination that plaintiff is entitled to fees incurred throughout the administrative action. We reverse the trial court's award of fees in the amount of $58,881, however, and remand with instructions that the trial court conduct a more thorough reasonableness analysis of plaintiff's fee petition.

Affirmed in part and reversed in part; cause remanded with directions.

CERDA and BURKE, JJ., concur.