**Rev. P.L. PERKINS, Rev. C.W. Gilcreast, Will Colier, Will Rodgers, Betty Jakes and Jessie Jakes, Appellants,**

v.

**James T. CROSS, Clyde Murphy, Ed Werne, Charles Weaver, Bill Chapman and Bob Chisnoll, Appellees.**

No. 83–1732.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1984.

Decided March 1, 1984.

Kaplan, Hollingsworth, & Brewer, P.A., Little Rock, Ark., L.T. Simes, West Helena, Ark., for appellants.

Ralph C. Murray, City Atty., West Helena, Ark., for appellees.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BRIGHT, Circuit Judge.

PER CURIAM.

The appellants appeal from the district court's order, 562 F.Supp. 85, awarding them $1,500 in attorney's fees under 42 U.S.C. § 1988, rather than the $43,218.50 they requested.

In December 1977, West Helena, Arkansas police officers arrested the six appellants and others who were present at the picketing of a business place. The six appellants were tried in West Helena Municipal Court on charges of impeding traffic, but only one was convicted.

Thereafter the six appellants sued various West Helena officials under 42 U.S.C. §§ 1981, 1983, and 1985, alleging that their arrests violated their constitutional rights. The district court awarded two of the appellants $100 each in nominal damages, but dismissed their claims for injunctive and declaratory relief, and all the claims of the other four appellants.

The appellants then sought attorney's fees under 42 U.S.C. § 1988, which authorizes discretionary fee awards to prevailing parties in actions to enforce various federal civil rights statutes. The appellants' attorney submitted an affidavit itemizing the 557.58 hours he claimed to have spent representing the appellants both in the original municipal court proceedings and in the later federal civil rights suit. The attorney requested compensation for his efforts at the rate of $75 an hour; the claim thus totalled $43,218.50.

The district court, in an order dated April 28, 1983, found the attorney's affidavit "replete with gross exaggerations and outright misstatements." The judge, citing his own extensive trial experience, determined that "the two cases in which plaintiff recovered nominal damages should not have required more than 20 hours of time to prepare and try." Accordingly, he awarded $1,500 in fees (20 hours at $75 an hour).

After the district court acted on the fee motion, the Supreme Court announced its decision in a major civil rights attorney's fees case, *Hensley v. Eckerhart*, —— U.S. ——, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). We think it appropriate to remand this case to the district court for reconsideration of the fees issue in light of the detailed standards set forth in *Hensley*.

On remand, the district court should determine which items in the fee request relate to the prosecution of the successful civil rights claims, and which do not. In particular, we think no award should be made for time the lawyer spent on behalf of the four appellants whose civil rights claims were dismissed. Those four appellants are clearly not "prevailing parties" within the meaning of section 1988. Moreover, no fees should be awarded for any time the lawyer spent defending the appellants in the original municipal court proceeding, except to the extent, if any, that research or investigation done in connection with that proceeding proved directly relevant to the successful prosecution of the later civil rights claims of those two appellants who received nominal damages in the district court. In addition, the court on remand should determine, with respect to the two appellants who received nominal damages, which efforts on their behalf related to their claim for damages, on which they prevailed, and which related to the various other claims on which they did not prevail. *See Hensley, supra*, 103 S.Ct. at 1943. The court should also determine whether the appellants "achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Id.*

In light of *Hensley* and this opinion, the attorney should be permitted to file an amended fee statement which appropriately corrects and modifies his previous submission. The district court remains free to

reconsider and to allow or disallow various claimed items, based on the modified fee submission and on any response to that submission filed by the defendants.

Accordingly, we vacate the existing fee award and remand this case to the district court to allow it to tailor the fee award more closely to the successful results the attorney obtained on behalf of two of the appellants, under the criteria adopted in *Hensley.* Appellants shall have their costs for this appeal.