VERNON WEIDNER *et al.*, as Successors in Interest to Weidner Concrete Company, formerly d/b/a Weidner Construction Company, Plaintiffs-Appellees and Cross-Appellants, v. JOSEPH SZOSTEK *et al.*, Defendants-Appellants and Cross-Appellees.

Second District   No. 2—92—0982

Opinion filed May 28, 1993.

Michael E. Coppedge, of Cowlin, Ungvarsky, Curran & Coppedge, of Crystal Lake, for appellants.

David C. LeSueur, of Diamond, LeSueur & Roth, Associates, of McHenry, for appellees.

JUSTICE QUETSCH delivered the opinion of the court:

Plaintiffs, Vernon and Ronald Weidner, as successors in interest to Weidner Concrete Company, formerly doing business as Weidner Con-

struction Company, filed a three-count complaint against defendants, Joseph Szostek *et al.*, to recover damages for breach of contract. Defendants filed a counterclaim to recover damages also resulting from breach of contract. The trial court entered judgment, minus certain setoffs, against defendants in the amount of $25,922, plus costs. That amount was composed of $15,941 in prejudgment interest, $9,542.50 in attorney fees and $439 in costs. Defendants appeal contending the award of prejudgment interest and attorney fees was contrary to the specific terms of the contract. Plaintiffs cross-appeal contending the trial court's award of attorney fees was inadequate and the setoff of $2,000 on plaintiffs' claim against defendants on defendants' counterclaim was improper. We affirm.

Plaintiffs and defendants entered into a contract on October 19, 1988, to construct a commercial building for defendants on defendants' property in Crystal Lake, Illinois. The total cost of the contract was $328,745. Progress payments were to be made over the course of construction with the full sum due and payable within 30 days of completion of the work under the contract.

The building permit was issued on November 9, 1988, and construction began on November 14, 1988. The building was substantially completed by April 14, 1989. A certificate of occupancy was issued and defendants took occupancy on that date. After completion of the building, defendants reported a number of problems to plaintiffs. Plaintiffs submitted a final invoice to defendants dated June 16, 1989, requesting final payment in the amount of $55,688.33. According to plaintiffs, certain items remained to be completed under the terms of the contract at that time. Defendants did not pay the final invoice amount.

Plaintiffs filed suit contending defendants breached the construction contract by failing to pay the amount due under the final invoice. Defendants contend the final invoice amount was not paid because of incomplete work, the failure of plaintiffs to use certain light fixtures supplied by defendants, and the "faulty" excavation of defendants' vacant lot.

Plaintiffs' construction expert estimated the cost to complete or repair various incomplete or defective items would be approximately $3,000. Defendants' construction expert estimated the repair or completion cost would be approximately $16,000. Plaintiffs' expert approximated the cost of reexcavating defendants' vacant lot at $3,000. Defendants' expert approximated the cost at $24,450.

The court found defendants were indebted to plaintiffs in the amount of $55,688.33 less credits or setoffs totaling $8,750, for a to-

tal amount of $46,938.33 due under the contract, plus costs and attorney fees. Defendants paid plaintiffs $46,938.33 on May 15, 1992, in exchange for a release of the mechanic's lien in that amount. The court entered judgment against defendants finding defendants owed plaintiffs prejudgment interest in the amount of $15,941, and attorney fees in the amount of $9,542.50, plus costs to date of $439, for a total of $25,922.50, plus costs. Defendants appeal and plaintiffs cross-appeal.

Defendants contend on appeal the trial court erred in awarding attorney fees and prejudgment interest to plaintiffs because to do so was contrary to the specific language of the contract. In particular, defendants argue that because the contract was not fully performed, payment never became due and, thus, attorney fees and prejudgment interest should never have been awarded for the collection of that payment. We disagree.

Article 5 of the contract provides that the owner (defendants) must make final payment 30 days after completion of the work, provided the contract is fully performed subject to the provisions of paragraph 22 of the general conditions. Paragraph 22 of the general conditions provides in pertinent part:

> "[P]ayment is due on the date stated on [c]ontractor's invoice in accordance with this agreement. Any amount not paid on date due will bear interest at the rate of 1 [percent] per month or the highest lawful rate allowed, whichever is lower, until paid, plus all costs of collecting said amount due, including all court costs and [attorney] fees."

Defendants argue that in order for payment to become due under article 5, the work had to be completed *and* the contract had to be fully performed. Defendants emphasize the fact that plaintiffs admitted at trial there were certain items which remained to be completed or repaired under the contract. Thus, defendants argue that because work remained to be completed, final payment never became due and, therefore, attorney fees and prejudgment interest should not have been awarded. Plaintiffs argue that the work was completed and the contract was substantially performed, and, therefore, payment was due. The trial court found plaintiffs substantially completed the work under the contract and that defendants were indebted to plaintiffs in the amount of $55,688.33, less credits or setoffs totaling $8,750, for a total amount due under the contract of $46,938.33, plus attorney fees and prejudgment interest.

The meaning of a contract is ordinarily a question of law. (*Szczerbaniuk v. Memorial Hospital* (1989), 180 Ill. App. 3d 706, 713.) A

court must consider a contract in the context of the entire agreement. (*Wilson v. Wilson* (1991), 217 Ill. App. 3d 844, 850.) The determinative factor is the intention of the parties, which can best be determined by considering the contract as a whole, reviewing each part in light of the others. (*Wilson v. Wilson*, 217 Ill. App. 3d at 850.) An instrument should be given a fair and reasonable interpretation based on consideration of all its language and provisions. (*Shelton v. Andres* (1985), 106 Ill. 2d 153, 159.) Moreover, "[i]n attempting to arrive at a fair and reasonable construction, 'courts are not confined to a strict and literal construction of the language used, when such construction will frustrate the intention of the parties, gathered from a consideration of the whole instrument.' " *Shelton v. Andres*, 106 Ill. 2d at 159, quoting *Shadden v. Zimmerlee* (1948), 401 Ill. 118, 123.

Article 5 provides for payment within 30 days of completion provided the contract is fully performed. It is this language upon which defendants base their argument that there must be full performance before payment is due, not substantial performance. However, we must review this provision in light of the whole contract.

Paragraph 8 of the general conditions governs delivery and completion. It provides in pertinent part:

"[A]s used in this agreement, '[S]ubstantial [C]ompletion' shall mean the date on which the [o]wner begins to occupy the premises *or to move his equipment or property onto the premises or the date on which the [C]ontractor notifies the [O]wner in writing of completion of the building, whichever occurs first."

Paragraph 15 governs occupancy under the contract. It provides:

"[T]he [o]wner agrees not to interfere with the progress of the work and not to occupy any portion of the building until the construction on that portion is completed, and that portion of the building has been accepted in writing by the [o]wner, and the provisions and conditions of the agreement with respect thereto are fulfilled by both parties.

Contractor's 'Acknowledgement Of Completion And Acceptance' certificate covering the building of any specified portion thereof shall be executed by the [o]wner and delivered to the [c]ontractor prior to any use or occupancy by the [o]wner. In the event a portion or all of the building is used or occupied by the [o]wner without providing such a certificate, then such use or occupancy shall be conclusive proof of acceptance thereof by the [o]wner."

Plaintiffs testified that on April 14, 1989, the City of Crystal Lake issued an occupancy permit and defendants took occupancy of the building. Defendants did not execute and deliver to plaintiffs the certificate of acknowledgement of completion and acceptance prior to taking occupancy.

Plaintiffs provided defendants with an invoice dated June 16, 1989. Under "description" it states "completion of general construction." It lists the amount due on contract performance through completion as $322,985, minus $267,296.67 already paid to plaintiffs by defendants, for a total payment request of $55,688.33.

After viewing the contract as a whole, we conclude defendants' strict and literal interpretation of the use of the term "full performance" in article 5 frustrates the intention of the parties. The contract defines delivery and completion as the date upon which the owner begins to occupy the premises or the date upon which the contractor notifies the owner of completion in writing. The record reveals defendants took occupancy on April 14, 1989. Moreover, the contract defines occupancy as proof of completion and acceptance by the owner. In addition, the contract specifies that payment is due on the date stated on the contractor's invoice. The invoice was dated June 16, 1989.

●■ ■ The general rule is that a builder is not required to perform perfectly, but rather is held only to a duty of substantial performance in a workmanlike manner. (*J.R. Sinnott Carpentry, Inc. v. Phillips* (1982), 110 Ill. App. 3d 632, 637.) The question of whether there has been substantial performance under a contract depends on the facts of each case. (*J.R. Sinnott, Inc.*, 110 Ill. App. 3d at 637.) An important factor in determining whether a builder has rendered substantial performance is the actual receipt of benefits by the purchaser/owner. (*Howard v. Jay* (1990), 203 Ill. App. 3d 539, 544.) In light of the evidence presented at trial, we conclude the trial court did not err in finding plaintiffs substantially performed their duties under the contract and in offsetting the amount due by the amount necessary to repair or replace the items not completed within the terms of the contract. Accordingly, we conclude the award of attorney fees and prejudgment interest was not contrary to the specific language of the contract.

Defendants also argue that the award of prejudgment interest was in error because defendants withheld payment of the principal sum due based upon a legitimate factual dispute. Prejudgment interest is not recoverable absent a statute or agreement of the parties providing for it. (*A.O. Smith Corp. v. Kaufman Grain Co.* (1992), 231 Ill. App. 3d 390, 399.) Although paragraph 22 of the contract provides

for prejudgment interest, defendants contend the "good-faith" exception set forth in *General Dynamics Corp. v. Zion State Bank & Trust Co.* (1981), 86 Ill. 2d 135, is applicable to the case at hand.

In *General Dynamics*, the court held that interest is not awarded on money that may be found due, if the person withholding payment has done so in good faith, because of a genuine and reasonable dispute. (*General Dynamics*, 86 Ill. 2d at 140.) However, the rule in *General Dynamics* is distinguishable because it is based on a statutory award of interest rather than an award of interest pursuant to contract. In this case, the parties specifically contracted for prejudgment interest pursuant to paragraph 22 on any amount not paid on the date due. Thus, the trial court's determination that plaintiffs were entitled to prejudgment interest on the amount past due was not in error.

Plaintiffs cross-appeal contending the trial court's award of attorney fees was inadequate and against the manifest weight of the evidence. Plaintiffs argue the trial court erred in denying certain fees because it could not separate the time charges listed and in denying other fees incurred in connection with settlement efforts. We disagree.

First, we note the proper standard of review on appeal is whether the trial court abused its discretion in awarding the fees. A trial court has broad discretionary powers in awarding attorney fees, and its decision will not be reversed on appeal unless the court abused that discretion. (*In re Estate of Callahan* (1991), 144 Ill. 2d 32, 44.) The party seeking attorney fees bears the burden of presenting sufficient evidence from which the trial court can render a decision as to their reasonableness. *Fitzwilliam v. 1220 Iroquois Venture* (1992), 233 Ill. App. 3d 221, 235; *Kaiser v. M E P C American Properties, Inc.* (1987), 164 Ill. App. 3d 978, 983.

Plaintiffs submitted a detailed affidavit containing a summary calculation of the time spent on the case, the hourly rate, the total fees due and an itemized summary of billing. This affidavit requested $14,106 in fees. The trial court reviewed the fee request line by line, granting or denying each item listed. The court denied certain fees with the notation, "cannot separate time charges." Under these entries plaintiffs listed a number of activities but listed only one total for time spent engaging in the activities collectively, rather than breaking down the activities individually. In addition, the court denied certain fees which plaintiffs claim related to efforts to settle the case. The court ultimately awarded plaintiffs $9,542 in attorney fees.

■ Time records, although important, are not conclusive in determining a fee award and should be scrutinized to determine whether

they represent a reasonable expenditure of time in the context of the work performed. (*Fitzwilliam*, 233 Ill. App. 3d at 236.) A trial judge's experience and knowledge may be relied upon in determining what constitutes a proper expenditure of time. (*Fitzwilliam*, 233 Ill. App. 3d at 235-36.) Here, where it is evident the judge carefully scrutinized the records line by line and then reduced plaintiffs' claim for fees prior to making his award, we find no abuse of discretion. See *Fitzwilliam*, 233 Ill. App. 3d at 236.

■ Plaintiffs also contend the trial court erred in awarding $2,000 to defendants on their counterclaim pertaining to the plaintiffs' installation of new light fixtures rather than the used ones defendants requested plaintiffs install. However, plaintiffs cite no authority in support of this argument.

Supreme Court Rule 341(e)(7) (134 Ill. 2d R. 341(e)(7)) requires, among other things, that an appellant's brief (or in this case a cross-appellant's brief) must contain citations to the relevant authority supporting the argument advanced on appeal. (*Britt v. Federal Land Bank Association* (1987), 153 Ill. App. 3d 605, 608.) A contention supported by some argument but no authority whatsoever does not satisfy the requirements of Rule 341(e)(7). (*Fuller v. Justice* (1983), 117 Ill. App. 3d 933, 942-43.) The law is clear that bare contentions without argument or citation of authority do not merit consideration on appeal. (*Spinelli v. Immanuel Lutheran Evangelical Congregation, Inc.* (1987), 118 Ill. 2d 389, 401.) Accordingly, we conclude this issue is waived for failure to cite authority.

The judgment of the circuit court of McHenry County is affirmed.

Affirmed.

UNVERZAGT and WOODWARD, JJ., concur.