ERYKA PIETRZYK, as Ex'x of the Estate of Anthony F. Pietrzyk, a/k/a Antoni Pietrzyk, Deceased, Plaintiff-Appellant, v. OAK LAWN PAVILION, INC., *et al.*, Defendants (Oak Lawn Pavilion, Inc., Defendant-Appellee).

First District (5th Division)   No. 1—01—1608

Opinion filed April 26, 2002.

REID, J., dissenting.

Steven M. Levin and Gregory C. Nikitas, both of Levin & Perconti, of Chicago, for appellant.

Martin A. Kanofsky and Donald G. Machalinski, both of Merlo, Kanofsky & Brinkmeier, Ltd., of Chicago, for appellee.

JUSTICE GREIMAN delivered the opinion of the court:

This appeal arises from the trial court's order granting in part and rejecting in part plaintiff Eryka Pietrzyk's postjudgment motion, pursuant to section 3—602 of the Nursing Home Care Act (210 ILCS 45/ 3—602 (West 2000)), for attorney fees. For the reasons that follow, we affirm.

On October 28, 1996, the plaintiff, as executrix of the estate of Antoni Pietrzyk, filed a multicount claim against defendants Oak Lawn Pavilion, Inc. (Oak Lawn), Joanne Harlin, Kovilparambil Anthony, M.D., and Anastasia Largosa, M.D. Plaintiff engaged her attorneys pursuant to a one-third contingency fee arrangement. Count I of plaintiff's amended complaint sought recovery from Oak Lawn for a statutory violation of the Nursing Home Care Act (210 ILCS 45/1— 101 et seq. (West 1996)) for three months of disability, medical expenses, and pain and suffering her husband endured after Oak Lawn's alleged neglect.[1] Pursuant to section 3—602 of the Nursing Home Care Act, Pietrzyk also sought attorney fees and costs. Count II of the amended complaint sought recovery against Oak Lawn for common law negligence. Count III was a wrongful death action, pursuant to the Wrongful Death Act (740 ILCS 180/1 (West 1996)), that also sought recovery against Oak Lawn. That claim, however, was predicated upon common law negligence and was not covered by the Nursing Home Care Act. Pietrzyk did not seek attorney fees and costs in either count II or III. The remaining counts were directed against the other defendants.

On January 11, 2000, the trial court granted Dr. Anthony's motion for summary judgment. Before trial, Pietrzyk voluntarily dismissed Dr. Largosa and settled with Harlin for $50,000. Plaintiff then opted to pursue recovery on counts I and III of her amended complaint against only Oak Lawn (hereinafter defendant).

Because defendant admitted its liability, the only factual issue to be decided by the jury was the amount of money to be awarded to the plaintiff for the proven recoverable compensatory damages. On October 26, 2000, the jury returned the following itemized verdict:

---

[1]Pursuant to section 27—6 of the Survival Act (755 ILCS 5/27—6 (West 1996)), her husband's own cause of action remained viable after his death.

| "Past Medical Expenses: | $ 26,530.55 |
|---|---|
| General Expenses: | $ 10,254.33 |
| Disability: | $100,000.00 |
| Pain and Suffering: | $175,000.00 |
| Loss of Society to Eryka Pietrzyk: | $287,000.00 |
| Loss of Society to Dianne Bender: | $ 50,000.00 |
| Loss of Society to Alice Brackman: | $ 50,000.00 |
| Total: | $698,784.85." |

On November 21, 2000, Pietrzyk filed a motion to recover attorney fees, pursuant to section 3—602 of the Nursing Home Care Act, in the amount of $232,928.29—or one-third of the total verdict—as determined by her contingency fee agreement. Defendant filed a response in opposition to Pietrzyk's motion and argued that she was entitled to attorney fees only in the amount of one-third of the damages attributable to the claim brought under the Nursing Home Care Act. For that argument, defendant noted that *Wills v. De Kalb Area Retirement Center*, 175 Ill. App. 3d 833 (1988), held that wrongful death claims are not covered by the Nursing Home Care Act.

In reply, Pietrzyk asserted that the issue was not whether the wrongful death action was contemplated under the Nursing Home Care Act. Rather, plaintiff claimed that where the covered and noncovered claims arose out of a common core of facts and legal theories, her claim for attorney fees should not be reduced since the work involved in litigating the claims was identical. In support of her position, she cited precedent that established that where reasonable attorney fees are calculated on an "hours times rate basis," the claim is not reduced when noncovered claims are involved if the claim arises under a common core of facts. See *Berlak v. Villa Scalabrini Home for the Aged, Inc.*, 284 Ill. App. 3d 231, 238 (1996).

On March 30, 2001, the court entered a memorandum opinion and found that the plaintiff was not entitled to attorney fees in an amount of one-third of the wrongful death verdict and was only entitled to the amount of one-third of the Nursing Home Care Act claim. Accordingly, the court allowed a fee of $100,510.18 ($175,000 pain and suffering + $100,000 disability + $26,530.55 medical expenses = $301,530.55 ÷ 3 = $100,510.18), or one-third of the Nursing Home Care Act claim. Pietrzyk now appeals and argues that she is also entitled to attorney fees for one-third of the $397,254.33 wrongful death verdict, or $132,418.11, under the Nursing Home Care Act.

Initially, the parties disagree as to the standard of review that we are to apply. Plaintiff asserts that where, as here, the facts of a case are uncontroverted and the issue concerns only the trial court's ap-

plication of the law to the facts, the standard of review is *de novo*. See *Roubik v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 285 Ill. App. 3d 217, 219 (1996). Defendant, however, argues that the abuse of discretion standard applies to the court's award of attorney fees. See *Sampson v. Miglin*, 279 Ill. App. 3d 270 (1996). Moreover, it cites case law that holds that a reviewing court ought not conduct a *de novo* review of a fee petition to provide a second opportunity to address its reasonableness. See *Ardt v. State of Illinois*, 292 Ill. App. 3d 1059 (1997).

■ Generally, it is well settled that "[a] trial court has broad discretionary powers in awarding attorney fees, and its decision will not be reversed on appeal unless the court abused that discretion." *Weidner v. Szostek*, 245 Ill. App. 3d 487, 493 (1993), citing *In re Estate of Callahan*, 144 Ill. 2d 32, 44 (1991). This is because a court must determine whether the party seeking attorney fees has met its burden of presenting sufficient evidence from which the court can render a decision as to the amount of reasonable attorney fees. *Weidner*, 245 Ill. App. 3d at 493. Such a determination necessarily involves a weighing of facts, such as the type of fee arrangement at issue, the amount of hours worked, or the hourly fees charged. Accordingly, where a party on appeal is challenging the adequacy of attorney fees, that party is actually challenging the trial court's discretion in determining what is reasonable.

■ In this case, however, the plaintiff is not challenging the reasonableness of the trial court's findings. Indeed, as she notes in her reply brief, "[t]he trial court recognized that the parties were in substantial agreement as to the factual basis for an award of attorney fees." Specifically, the plaintiff sought a recovery of attorney fees based upon the contingency agreement of one-third of the entire verdict, whereas the defendant sought to limit the recovery of attorney fees to one-third of the verdict attributable to the damages awarded for the claim brought under the Nursing Home Care Act. Importantly, however, both parties agreed that a one-third contingency fee was a reasonable attorney fee for this case.

At that point, the court then had to determine the law that applied to the facts. The record reveals that even the trial court perceived the issue as a legal one:

> "Thus, the question, as the court perceives it under the present status of the law and the facts before it is straightforward: does the [A]ct authorize attorney fees for a cause of action (wrongful death) not contemplated and for parties (a 'resident's' heirs) not protected under the Act? Reluctantly, this court thinks not."

In short, once the court made its determination as to the reasonable-

ness of the contingency agreement, it then had to make a determination on the law to be applied, which did not require it to weigh any facts whatsoever. Because the plaintiff here is not disputing the trial court's calculations, but is contending only that the trial court misapplied the law, we agree with plaintiff that the standard of review is *de novo*. See *Romanek v. Connelly*, 324 Ill. App. 3d 393, 398 (2001).

The plaintiff's only contention on appeal is that in a fee-shifting case, where there are covered and noncovered claims, a party is entitled to fees on a noncovered claim where the two claims "arise out of a common core of facts and related legal theories." For this, she cites the Supreme Court's decision in *Hensley v. Eckerhart*, 461 U.S. 424, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983), which was cited with approval by this court in *Berlak v. Villa Scalabrini Home for the Aged, Inc.*, 284 Ill. App. 3d 231, 238 (1996). *Hensley* stated:

"In [some] cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 435, 76 L. Ed. 2d at 51-52, 103 S. Ct. at 1940.

In the present case, plaintiff argues that her two causes of action clearly arise out of a common core of facts because the elements necessary to prove common law negligence under the wrongful death count are virtually the same as the elements necessary to prove neglect under the Nursing Home Care Act. Specifically, to prove liability under the wrongful death claim, the plaintiff must prove that the defendant's negligence caused the injuries leading to the plaintiff's death. To prove liability under the Nursing Home Care Act, the plaintiff must prove that defendant's neglect, in violation of the statute, caused the plaintiff's injuries.

The plaintiff then notes that in *Harris v. Manor Healthcare Corp.*, 111 Ill. 2d 350, 366-67 (1986), the Illinois Supreme Court determined that neglect and negligence are virtually identical. As such, plaintiff asserts that the same conduct on the part of the defendant gave rise to both the Nursing Home Care Act and wrongful death actions. In addition, plaintiff points out that the verdict form submitted to the jury asked it to assess the total amount of damages suffered by the plaintiff "as a proximate result of *the occurrence* in question." (Emphasis added.) Ultimately, plaintiff concludes that the Nursing Home Care Act and wrongful death claims overlap in substance, legal

theories, discovery, and evidence. Under *Berlak/Hansen*, therefore, the verdict on the two claims should not be separated.

Plaintiff notes that Illinois courts have adopted a similar analysis in a variety of cases involving attorney fees. For example, in *Ardt v. State of Illinois*, 292 Ill. App. 3d 1059 (1997), which dealt with the Illinois Dental Practice Act (225 ILCS 25/1 *et seq.* (West 1992)), this court found that all of the issues litigated in the cause of action were "so inextricably intertwined *** that the time plaintiff's attorney spent on each issue cannot and should not be distinguished for the purpose of determining the reasonable amount of fees due." *Ardt*, 292 Ill. App. 3d at 1067.

Moreover, plaintiff notes, in the context of civil rights cases, the same principle has been adopted. See *Becovic v. City of Chicago*, 296 Ill. App. 3d 236, 242 (1998) (citing *Hensley*, this court held that a blind man who was discriminated against on the basis of his disability was allowed to recover $2,500 in compensatory damages, $14,200 in attorney fees, and $430 in costs); *Brewington v. Illinois Department of Corrections*, 161 Ill. App. 3d 54, 64-67 (1987).

It has also been adopted with respect to the Mortgage Act (765 ILCS 905/2 *et seq.* (West 2000)), and the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2000)) (Consumer Fraud Act). In *American Garden Homes, Inc. v. Gelbart Fur Dressing*, 238 Ill. App. 3d 64, 69 (1992), the plaintiff was successful only on the Mortgage Act count of a five-count amended complaint. Defendants argued that the other claims were not only unsuccessful but unrelated and therefore not compensable. In finding that all of the counts were related to each through their attempts to dismantle a partnership deadlock and to hold defendants responsible for any damages, this court repeated its previous holding that " 'where the work on the unsuccessful claim is related to the work on the successful claim, an attorney fee award may be appropriate.' (*Northtown Ford v. Human Rights Comm'n* (1988), 171 Ill. App. 3d 479, 490.)" *American Garden*, 238 Ill. App. 3d at 69.

Likewise, in *Ciampi v. Ogden Chrysler Plymouth, Inc.*, 262 Ill. App. 3d 94, 96 (1994), the plaintiff alleged that the defendant committed both common law fraud and fraud under the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 1992)) (Act), and she then amended her complaint by alleging an additional violation of the federal odometer statute (15 U.S.C. § 1981 *et seq.* (1982)). Defendant Ogden argued that the trial court was misled into awarding full attorney fees regardless of any delineation as to specific counts, some of which were brought against defendants other than him. *Ciampi*, 262 Ill. App. 3d at 114. Thus, he contended, a consider-

able amount of time tabulated in the attorney fees involved matters that did not even concern him. *Ciampi*, 262 Ill. App. 3d at 114. This court held: "Given the complexities of litigating Ciampi's claims against [the defendants], as well as the materiality of these issues as to all three defendants, we conclude the trial court did not err in finding Ogden to be responsible for attorney fees incurred throughout this case." *Ciampi*, 262 Ill. App. 3d at 114. With respect to his further contention that an attorney must differentiate which part of his work was performed on each issue, this court found that because "the fraud claims and the odometer claim were based on the same evidence and the time spent on each issue could not be distinguished" (*Ciampi*, 262 Ill. App. 3d at 115), it found "the fee petition provided sufficient information as to the reasonableness of the fees" (*Ciampi*, 262 Ill. App. 3d at 115).

Accordingly, plaintiff argues that we should reject the defendant's "claim-chopping" approach and that the attorney fees awarded must reflect the common core of operative facts involved in her "inextricably linked and successful claims."

Defendant points out that the section that allows for attorney fees in the Nursing Home Care Act states, "The licensee shall pay the actual damages and costs and attorney[ ] fees to a facility resident whose rights, as specified in Part 1 of Article II of this Act, are violated." 210 ILCS 45/3—602 (West 2000). Moreover, it notes that the Survival Act states in pertinent part: "In addition to the actions which survive by the common law, the following also survive: *** actions to recover damages for an injury to the person." 755 ILCS 5/27—6 (West 2000). Significantly, the Survival Act does not create a statutory cause of action, and instead allows a representative of the decedent to maintain those statutory or common law actions that had already accrued to the decedent prior to the decedent's death, *e.g.*, an action brought under the Nursing Home Care Act. See *National Bank of Bloomington v. Norfolk & Western Ry. Co.*, 73 Ill. 2d 160, 170 (1978). On the other hand, the Wrongful Death Act states in pertinent part:

> "Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured ***." 740 ILCS 180/1 (West 2000).

Consequently, defendant notes that while the Survival Act could provide recovery for injuries actionable under the Nursing Home Care

Act that were sustained by the decedent prior to the decedent's death, the Wrongful Death Act only provides recovery of damages to the decedent's next of kin for *their* loss. See *Dettman-Brunsfeld v. Szanto*, 267 Ill. App. 3d 1050, 1054 (1994).

The present case, we find, is akin to that of *Perkins v. Cross*, 728 F.2d 1099 (8th Cir. 1984). There, an attorney prosecuted a civil rights lawsuit on behalf of six plaintiffs who were arrested while picketing. Their claims all arose out of the same common core of facts and were all based on the same legal theory; however, only two of the plaintiffs prevailed. The request for attorney fees included fees incurred on behalf of the four unsuccessful plaintiffs. The court held, after considering *Hensley*, that "no award should be made for the time the lawyer spent on behalf of the four appellants whose civil rights claims were dismissed." *Perkins*, 728 F.2d at 1100.

Similarly, with respect to the claim for attorney fees in the present case, there are multiple parties in interest with distinct causes of action. As the trial court noted, *Wills* held that no wrongful death actions were ever envisioned under the Nursing Home Care Act:

> "Where the legislature has intended to create a remedy for the loss of life, it clearly and decidedly has so stated, leaving no doubt that it understood the difference between the words 'injury' and 'death.' *** Here, in enacting the Nursing Home Care Reform Act of 1979, the legislature included no provision for the loss of life, not even for the recovery of compensatory damages." *Wills*, 175 Ill. App. 3d at 842.

While plaintiff is correct that she, as the deceased's wife, is a plaintiff in both actions, she is not the only plaintiff in the wrongful death action. From that perspective, it has been clearly delineated that she, along with rest of the next of kin, are not entitled to fees for the wrongful death action under the Nursing Home Care Act. True, she is entitled to fees for the claim brought under the Nursing Home Care Act, but that is expressly allowable under the statute. Accordingly, we agree with the trial court that "the heirs here who will benefit from the wrongful death award have no standing under the [Nursing Home Care] Act. *** They do not fall within the class of individuals intended to be protected under the [Nursing Home Care] Act. The [Nursing Home Care] Act seeks to compensate a 'resident' not an heir of a resident. Thus *** heirs are not entitled to attorney fees otherwise unavailable under the statute."

In light of the potential redress to be afforded to plaintiffs under the Nursing Home Care Act and the Wrongful Death Act, we also agree with defendant that the factual scenarios found in *Hensley, Bucovic, Ciampi,* and *American Garden* are mismatched with the present

scenario. In those cases, the common-core-of-facts doctrine pertained to the *same* plaintiff pursuing multiple claims with varying degrees of success. Using that rationale, the plaintiffs in those cases all focused on an alleged miscalculation of attorney fees based upon hours spent and dollars charged on successful and not-so-successful claims. Ultimately, the common-facts-doctrine provided a way for the court to award attorney fees to the plaintiffs who otherwise would have received insufficient attorney fees because of the limited success of their covered causes of actions allowing for attorney fees or where the time charged in litigating the covered causes of actions was indistinguishable from the time charged in litigating the uncovered causes of actions, regardless of whether all of the claims were successful.

■ Here, however, because both parties agree that the contingency arrangement was to be based upon one-third of the verdict and because it has not been disputed which parts of the verdict comprise damages for the Nursing Home Care Act claim and which comprise damages for the wrongful death claim, no such confusion exists.

Furthermore, in *Carson Pirie Scott & Co. v. State of Illinois Department of Employment Security*, 131 Ill. 2d 23, 49 (1989), the supreme court noted "that since the common law prohibits a prevailing party from recovering attorney fees, statutes which allow for such awards must be strictly construed." Consequently, if we were to allow plaintiff to collect for attorney fees incurred for an action brought on behalf of the deceased's heirs, our holding would run afoul of the rule set out in *Jardien v. Winston Network, Inc.*, 888 F.2d 1151 (7th Cir. 1989). There, the United States Court of Appeals for the Seventh Circuit held that "duplicative and excessive time, not reasonably billed to one's own client, cannot be billed to an adversary through a fee shifting statute." *Jardien*, 888 F.2d at 1160. In short, we agree with the defendant that "[w]hile the common core of facts doctrine may be used as a shield to prevent the reduction of attorney[ ] fees *via* claim-chopping based [on] the limited success of recovery, it may not be used as a sword to obtain those attorney[ ] fees that are not otherwise covered by the statute authorizing such attorney[ ] fees."

For the foregoing reasons, we affirm the decision of the trial court.

Affirmed.

QUINN, J., concurs.

JUSTICE REID, dissenting:

I dissent. This case involves a unique set of facts where both sides agree that the one-third contingent fee would be fair. The legal ques-

tion is how do we calculate that fee. The jury verdict awarded damages resulting from the occurrence in question and did not differentiate between the counts. Though some of the items of damages would not be recoverable if this lawsuit were just a survival action, I believe the focus should be on the work done on the entire case because there was bundled effort.

> "In [certain] cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the [trial] court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 435, 76 L. Ed. 2d 40, 51-52, 103 S. Ct. 1933, 1940 (1983).

*Berlak v. Villa Scalabrini Home for the Aged*, 284 Ill. App. 3d 231, 238 (1996).

Because there exists such a common core of facts and related legal theories at the heart of this litigation, I believe the plaintiff should have received the full amount of fees. The elements necessary to prove common law negligence under the wrongful death count and to prove neglect under the Nursing Home Care Act have more than a passing similarity. Liability in a wrongful death count requires proof that the negligence caused injuries that led to the plaintiff's death. Under the Survival Act, neglect must be proven that was both in violation of the statute and the cause of the plaintiff's injuries. Here the claims share a majority of legal theories, discovery and evidence. Both seek a remedy for the wrongful acts of the defendant nursing home. The verdict form itself asked the jury to assess the damages suffered "as a proximate result of the occurrence in question." These claims are linked. I believe the link is of a sufficient nature that the higher level of fees is warranted. To that end, I would reverse the trial court insofar as the order limited the amount of fees recoverable under these unique facts and circumstances.