MICHAEL B. MYERS, Independent Ex'r of the Estate of Mary Prillmayer, Deceased, Plaintiff-Appellant, v. HERITAGE ENTERPRISES, INC., Defendant-Appellee.

Fourth District   No. 4—01—1003

Argued June 19, 2002.—Opinion filed July 17, 2002.

Robert E. Utter (argued), of Mt. Sterling, for appellant.

Karen L. Kendall (argued), of Heyl, Royster, Voelker & Allen, of Peoria, and Frederick P. Velde and Matthew R. Booker, both of Heyl, Royster, Voelker & Allen, of Springfield, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff, Michael B. Myers, independent executor of the estate of Mary Prillmayer, deceased, appeals from an order of the Brown County

circuit court granting defendant's motion to dismiss count II of plaintiff's complaint pursuant to section 2—619 of the Code of Civil Procedure (Code) (735 ILCS 5/2—619 (West 2000)). Plaintiff sought recovery from defendant, Heritage Enterprises, Inc., a corporation, for a statutory violation of the Nursing Home Care Act (210 ILCS 45/1—101 through 3A—101 (West 2000)). On appeal, plaintiff argues that the trial court erred in granting defendant's motion to dismiss count II of plaintiff's complaint finding "[a] Cause of Action under said Nursing Home Care Act does not survive death of resident." We reverse and remand.

On July 12, 2001, plaintiff filed a two-count complaint against defendant, a residential nursing facility. Plaintiff alleged that decedent, before her death, suffered fractures to her legs as a result of defendant's employees' careless and negligent acts while moving decedent from a wheelchair to her bed. Count II of plaintiff's complaint, the only count at issue in this appeal, sought recovery from defendant for a statutory violation of the Nursing Home Care Act. On August 8, 2001, defendant filed a motion to dismiss count II of plaintiff's complaint. Defendant argued that "no provision of the *** Nursing Home Care Act allows for a cause of action to survive the resident's death." On October 17, 2001, the trial court entered an order stating:

> "The Nursing Home Act is in Derogation of the Common Law of Illinois and must be construed strictly. The legislature did not engraft a survival clause. A Cause of Action under said Nursing Home Care Act does not survive death of resident."

A Rule 304(a) finding was made with respect to this interlocutory appeal. See 155 Ill. 2d R. 304(a).

We review *de novo* the granting of a section 2—619 motion to dismiss. *Nowak v. St. Rita High School*, 197 Ill. 2d 381, 389, 757 N.E.2d 471, 477 (2001).

Defendant argues that the Nursing Home Care Act "lacks any provision for survivability of a cause of action." Further, defendant argues that the Survival Act (755 ILCS 5/27—6 (West 2000)) must make specific reference to the Nursing Home Care Act "for a cause of action *** to survive."

■ The Nursing Home Care Act was enacted because of concerns over reports of "inadequate, improper and degrading treatment of patients in nursing homes." 81st Ill. Gen. Assem., Senate Proceedings, May 14, 1979, at 184 (statements of Senator Karl Berning). The Nursing Home Care Act's purpose is to provide protection for nursing home residents. *Eads v. Heritage Enterprises, Inc.*, 325 Ill. App. 3d 129, 132, 757 N.E.2d 107, 110 (2001), *appeal allowed*, 198 Ill. 2d 589

516

(2002). The Nursing Home Care Act expressly grants nursing home residents the right to pursue actions for damages and other relief against nursing home facilities. *Fisher v. Lexington Health Care, Inc.*, 188 Ill. 2d 455, 464, 722 N.E.2d 1115, 1120 (1999). Section 3—601 provides that owners and operators of facilities are liable to a resident for injuries caused by the intentional or negligent acts of their employees or agents. 210 ILCS 45/3—601 (West 2000). Section 3—602 makes operators liable for damages to nursing home residents whose rights under the Nursing Home Care Act are violated. 210 ILCS 45/3—602 (West 2000). Section 3—603 specifies that a resident may maintain an action under the Nursing Home Care Act for any other type of relief permitted by law. 210 ILCS 45/3—603 (West 2000).

■ The Survival Act provides that "[i]n addition to the actions which survive by the common law, the following also survive: *** actions to recover damages for an injury to the person." 755 ILCS 5/27—6 (West 2000). In *National Bank of Bloomington v. Norfolk & Western Ry. Co.*, 73 Ill. 2d 160, 171-72, 383 N.E.2d 919, 923 (1978), the supreme court, referencing an action under the Public Utilities Act (Ill. Rev. Stat. 1969, ch. 111²/₃, par. 77), stated:

> "The law, of course, has always recognized that, if a person survives, he may bring a common law or statutory action against a party whose wrongful conduct has caused him such personal injury. At common law, however, the same action would abate upon the death of the injured person. To remedy this injustice, a survival statute was enacted (originally in 1872) to allow an action, such as the instant action to recover damages for an injury to the person, to survive the death of the injured person. [Citation.] The Survival Act does not create a statutory cause of action. It merely allows a representative of the decedent to maintain those statutory or common law actions which had already accrued to the decedent before he died."

In *Pietrzyk v. Oak Lawn Pavilion, Inc.*, 329 Ill. App. 3d 1043, 1044, 769 N.E.2d 134, 135 (2002), decided April 26, 2002, the plaintiff, as executrix of the estate of Antoni Pietrzyk, filed a multicount claim against defendant, Oak Lawn Pavilion, Inc. (Oak Lawn). Count I of plaintiff's amended complaint sought recovery from Oak Lawn for a statutory violation of the Nursing Home Care Act. The appellate court noted:

> "Pursuant to section 27—6 of the Survival Act (755 ILCS 5/27—6 (West [2000])), [the plaintiff's] husband's own cause of action remained viable after his death." *Pietrzyk*, 329 Ill. App. 3d at 1043 n.1, 769 N.E.2d at 135 n.1.

The Survival Act does not create a statutory cause of action and instead allows a representative of the decedent to maintain those

statutory or common-law actions that had already accrued to the decedent prior to the decedent's death, *e.g.*, an action brought under the Nursing Home Care Act. *Pietrzyk*, 329 Ill. App. 3d at 1049, 769 N.E.2d at 139; *Dardeen v. Heartland Manor, Inc.*, 186 Ill. 2d 291, 299, 710 N.E.2d 827, 832 (1999) (the administrator of the estate of a nursing home resident who had died while in a nursing home sued the home under the Nursing Home Care Act. Although the issues on appeal concerned the right to treble damages, the supreme court found that repeal of the right to treble damages "does not interfere with plaintiff's substantive right to recover against defendant for violations under the Nursing Home Care Act").

■ Moreover, while the Nursing Home Care Act may not provide for the survival of plaintiff's cause of action upon decedent's death, "[i]t is well established that the Illinois survival statute allows a decedent's representative to maintain those common law or statutory actions which had already accrued to the decedent prior to his death." *Wasleff v. Dever*, 194 Ill. App. 3d 147, 152, 550 N.E.2d 1132, 1135 (1990); *Baksh v. Human Rights Comm'n*, 304 Ill. App. 3d 995, 1001, 711 N.E.2d 416, 421 (1999) (patient's cause of action for compensatory damages under the Illinois Human Rights Act (775 ILCS 5/1—101 through 10—103 (West 1996)) was personal property under Survival Act; cause of action survived death); *Wills v. De Kalb Area Retirement Center*, 175 Ill. App. 3d 833, 841, 530 N.E.2d 1066, 1071 (1988) (special administratrix of deceased nursing home resident's estate could bring resident's cause of action under Nursing Home Care Reform Act of 1979 (Ill. Rev. Stat. 1983, ch. 111½, pars. 4151—101 through 4153—803) for injuries incurred prior to her death pursuant to Survival Act). In the present case, plaintiff may bring decedent's cause of action under the Nursing Home Care Act for injuries incurred prior to her death pursuant to the Survival Act.

For the reasons stated, we reverse the trial court's order and remand for further proceedings.

Reversed and remanded for further proceedings.

KNECHT and APPLETON, JJ., concur.