# Illinois Official Reports

## Appellate Court

***Enadeghe v. Dahms*, 2017 IL App (1st) 162170**

| | |
|---|---|
| Appellate Court Caption | TERRY ENADEGHE, Plaintiff-Appellee, v. CHARLES DAHMS, Defendant-Appellant. |
| District & No. | First District, Third Division<br>Docket No. 1-16-2170 |
| Rule 23 order filed<br>Rehearing denied<br>Motion to publish allowed<br>Opinion filed | October 25, 2017<br>November 28, 2017<br><br>November 28, 2017<br>December 13, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-L-11436, the Hon. Thomas J. Lipscomb, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Craig M. Sandberg, of Muslin & Sandberg, of Chicago, for appellant.<br><br>G. Grant Dixon III, of Dixon Law Office, of LaGrange, for appellee. |
| Panel | JUSTICE LAVIN delivered the judgment of the court, with opinion.<br>Presiding Justice Cobbs and Justice Fitzgerald Smith concurred in the judgment and opinion. |

**OPINION**

¶ 1    Following a civil jury trial, defendant Charles Dahms was found to have acted both negligently and with willful and wanton misconduct against plaintiff Terry Enadeghe when he beat him with his briefcase during a morning encounter on a roadway. The jury awarded damages. Defendant now appeals, arguing that the trial court erred in relying on his prior criminal conviction for battery as a basis for liability and in denying his jury instructions and special interrogatories. He also contends the trial court abused its discretion in denying his motions for a mistrial and permitting plaintiff to amend his complaint. We affirm.

¶ 2                                   BACKGROUND

¶ 3    On March 20, 2013, following a criminal jury trial, defendant was found guilty of aggravated battery on a public way (720 ILCS 5/12-3.05(c) (West 2012)) for the incident in this case, then sentenced to 18 months' probation. On April 23, 2015, this court affirmed his criminal conviction on appeal. *People v. Dahms*, 2015 IL App (1st) 133301-U. The Illinois Supreme Court denied defendant's petition for leave to appeal on September 30, 2015, and the United States Supreme Court denied his petition for *certiorari* on March 7, 2016.[1]

¶ 4    Evidence in the criminal case revealed that in October 2011, Enadeghe was driving his taxicab in downtown Chicago when he stopped at a traffic light in the middle of the crosswalk, unintentionally blocking it. Defendant then approached and smashed his briefcase into the taxi's front windshield, shattering it, then walked away. Enadeghe parked and confronted defendant, asking him to survey the damage to the taxi. At one point, Enadeghe attempted to block him and grabbed the briefcase. Enadeghe then felt a "bang" on his face as defendant took his briefcase once again, using it to hit Enadeghe in the nose, knocking him unconscious to the ground. Enadeghe was hospitalized and received 11 stitches from the bridge of his nose to under his eye, then later had general anesthesia surgery. Defendant was arrested, and Enadeghe identified him from a lineup.

¶ 5    Defendant testified to a different version of events in which he "tapped" Enadeghe's windshield in an effort to avoid being hit by the taxi cab, which had improperly entered the intersection. Enadeghe then followed him on foot regarding his taxi. Enadeghe then grabbed defendant by his shirt and repeatedly grabbed the briefcase, which defendant says he ultimately pulled away, accidentally striking Enadeghe in the face. In short, he claimed that he did not intend to strike or injure Enadeghe.

¶ 6    Several other witnesses testified in favor of plaintiff, including a CTA bus driver and another pedestrian. The parties also testified about a surveillance video, which was played before the jury, capturing the initial events but not the encounter leading to the injury.

---

[1]Dahms's homeowners insurer, Country Mutual, also filed a declaratory-judgment action, asserting it had no duty to defend or indemnify Dahms in connection with the present negligence lawsuit. On appeal, this court held in relevant part that the filing of the tort complaint triggered Country Mutual's duty to defend, but that duty ended when Dahms was convicted in the criminal trial. *Country Mutual Insurance Co. v. Dahms*, 2016 IL App (1st) 141392, ¶ 79. This court also noted, "Whatever preclusive effect Dahms's conviction may or may not have on the Tort Case is independent of anything we have said here." *Id.* ¶ 78.

¶ 7        In addition to the criminal case, plaintiff filed a civil suit against Dahms. In it, Enadeghe ultimately alleged counts of negligence and willful and wanton misconduct. Prior to trial, Dahms filed a motion *in limine* to exclude his criminal conviction, while Enadeghe filed a motion to allow the conviction. Dahms argued his criminal conviction was not final because he had filed a writ of *certiorari* before the United States Supreme Court that had not yet been ruled upon. The jury trial began. After Dahms had testified as an adverse witness, but before Enadeghe presented his case in chief, the trial court denied defendant's motion *in limine*, noting that the criminal conviction arose out of the same facts and circumstances as the civil case. The court ruled that the criminal battery conviction could be used as *prima facie* evidence of willful and wanton misconduct, since the intent underlying both was the same, and ruled that the conviction's probative value outweighed any prejudicial effect.

¶ 8        Trial then continued with much of the testimony mirroring the previous criminal case,[2] with defendant testifying as an adverse witness for the plaintiff. There was also testimony as to damages incurred. For example, Enadeghe underwent three reconstructive surgeries on his nose and still required additional surgery to correct a scar. After testimony, Enadeghe rested his case. Dahms also rested without presenting any evidence and rested on his counterclaim alleging negligence and battery on the part of Enadeghe. The parties and the court returned to the issue of introducing the criminal conviction to the jury.

¶ 9        The parties provided extensive argument on the propriety of using the conviction, and the trial court reviewed the Illinois Supreme Court case *American Family Mutual Insurance Co. v. Savickas*, 193 Ill. 2d 378 (2000), discussing collateral estoppel based on a criminal conviction. Ultimately, the court ruled that given Dahms's criminal conviction, there was no trial issue remaining as to Dahms's liability for negligence and willful and wanton misconduct. The court also ruled that Dahms was estopped from presenting instructions on his affirmative defenses and struck his countercomplaint. As such, the only issue before the jury concerned causation and damages, and Dahms's criminal conviction was not introduced to the jury. The jury found Dahms liable for some $130,000 for medical expenses, disability, pain and suffering, and disfigurement resulting from the injury to Enadeghe.

¶ 10       Dahms filed a posttrial motion, which was denied, and this appeal followed.

¶ 11                                          ANALYSIS

¶ 12       Dahms first contends the trial court erred in concluding that the criminal conviction satisfied proof towards liability in his civil trial. Collateral estoppel is an equitable doctrine of judicial origin created to prevent relitigation of previously adjudicated claims and is founded on principles of judicial economy. *Ballweg v. City of Springfield*, 114 Ill. 2d 107, 113 (1986). Criminal convictions can have an estoppel effect on civil litigation like the present when three threshold requirements are met. *Savickas*, 193 Ill. 2d at 387. The issue decided in the criminal case must be identical with that in the civil case, there must have been a judgment on the merits in the criminal case, and the party against whom the estoppel is asserted must have been a party to the prior adjudication. *Id.* In addition, no unfairness must result to the party who is estopped from relitigation. *Id.* at 388. The court, in determining whether estoppel should apply, must

_____

[2]Although we do not have the transcript from the criminal case before us, this court issued a detailed recitation of the facts in Dahms's appeal from his conviction. See *Dahms*, 2015 IL App (1st) 133301-U.

balance the need to limit litigation against the right to an adversarial proceeding in which a party is accorded full and fair opportunity to present his case. *Id.*

¶ 13    In this case, there is no dispute that the parties are the same for the purposes of collateral estoppel. Dahms, however, challenges the identity of the issues and finality of the criminal conviction. For the reasons to follow, we reject his challenge.

¶ 14    The jury in Dahms's criminal trial found he committed aggravated battery on a public way when Dahms knowingly, and without legal justification, caused bodily harm to Enadeghe or made physical contact of an insulting or provoking nature with him by beating plaintiff with a briefcase on Clinton Street. See 720 ILCS 5/12-3, 12-3.05(c) (West 2012). The elements of negligence include a duty, breach, proximate causation, and damages. *Doe-3 v. McLean County Unit District No. 5 Board of Directors*, 2012 IL 112479, ¶ 29. It is well-settled that every person owes to all other persons a duty to exercise ordinary care to guard against injury which naturally flows as a reasonably probable and foreseeable consequence of his act. *Id.* ¶ 30. Willful and wanton conduct requires plaintiffs to plead and prove the elements of negligence plus a deliberate intention to harm or a conscious disregard for plaintiffs' welfare. *Id.* ¶ 29.

¶ 15    Here, the evidence presented at the criminal trial demonstrated that Enadeghe satisfied the less stringent civil elements of duty, breach, causation, and intent to harm necessary for a finding of negligence and willful and wanton misconduct. See *Savickas*, 193 Ill. 2d at 389 (tort intent generally means a desire to cause consequences or a substantially certain belief that the consequences will result).[3] Plainly stated, the evidence showed Dahms failed to exercise ordinary care in his handling of the briefcase, causing injury to Enadeghe, and his actions also showed a reckless and/or deliberate intent to injure plaintiff. Collateral estoppel thus barred Dahms from relitigating the matter, and the trial court did not err in submitting only the issue of damages to the jury at the civil trial.

¶ 16    Dahms counters that several issues were never actually litigated in the criminal trial, and therefore the civil trial court erred in relying on the conviction for collateral estoppel purposes. For example, Dahms argues he raised affirmative defenses of self-defense and contributory negligence in the civil trial, but no such defense was raised in the criminal trial. The salient point for collateral estoppel is that Dahms had the full and fair opportunity to litigate all relevant issues in his criminal trial, as required. See *id.* at 378. Dahms testified at his trial, was represented by counsel, and had an incentive to defend against the State's high burden of reasonable doubt.

¶ 17    Dahms's argument also is not well-taken, given that the evidence at his criminal and civil trials as to liability was practically the same and that this evidence did not support a finding that Enadeghe was the aggressor, that Dahms acted in self-defense, or that there was any contributory negligence. While Dahms claimed in his criminal trial that Enadeghe grabbed for the briefcase and that the injury was an accident, the jury clearly did not believe him. By its verdict, the jury necessarily resolved the theory of contributory negligence, and Dahms's own

---

[3]On appeal from his criminal conviction, Dahms challenged the trial court's denial of his proposed negligence instruction, but we determined such an instruction was unnecessary because "if the jury found that defendant did not act intentionally or knowingly, but merely negligently, then the State would have failed to prove a requisite element of the offense of aggravated battery beyond a reasonable doubt." *Dahms*, 2015 IL App (1st) 133301-U, ¶ 59.

- 4 -

evidence suggesting an accident contradicted any theory of self-defense. Dahms likewise failed to present evidence in his civil trial of any injury or damages to support a claim for negligence and battery against Enadeghe. Even assuming collateral estoppel did not apply in this instance, the evidence at the civil jury trial warranted a directed finding, denying the affirmative defenses and striking the counterclaim in any event. See *Sitowski v. Buck Brothers, Inc.*, 147 Ill. App. 3d 282, 287 (1986) (directed verdicts may be granted when the evidence, viewed most favorably to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand). As a result, the trial court rightly denied jury instructions and special interrogatories on these matters. *Bakes v. St. Alexius Medical Center*, 2011 IL App (1st) 101646, ¶ 29 (the trial court has discretion to review the evidence presented and to decide whether that evidence raised an issue that requires a particular jury instruction).

¶ 18   Dahms also cites a number of cases from outside Illinois holding that a negligence cause of action cannot be based on an intentional tort because they have different elements. The cases Dahms relies on are inapposite in that they address facts where the two causes of action were collapsed into one, like "negligent use of force." That is not a problem here, as the counts for negligence and willful and wanton misconduct were alleged and tried in a separate action than his criminal case of aggravated battery.

¶ 19   Dahms also argues the trial court was prohibited from relying on his criminal conviction because it was not final. He reasons that the United States Supreme Court had not yet denied his petition for *certiorari* when his civil jury trial took place, although this court had affirmed the criminal conviction and the Illinois Supreme Court had denied leave to appeal. See *Dahms*, 2015 IL App (1st) 133301-U; *People v. Dahms*, No. 119465 (Ill. Sept. 30, 2015).

¶ 20   Our supreme court has held that, for the purpose of applying the doctrine of collateral estoppel, "finality requires that the potential for appellate review must have been exhausted." *Ballweg*, 114 Ill. 2d at 113. Here, Dahms's potential for appellate review was exhausted on March 7, 2016, when the United States Supreme Court denied *certiorari*, and his conviction was therefore final. See *Dahms v. Illinois*, 577 U.S. ___, 136 S. Ct. 1379 (2016) (table). Although *certiorari* was denied after Dahms's civil jury trial, the *certiorari* denial took place before final judgment issued on August 10, 2016, when the trial court denied Dahms's motion to reconsider. Given that Dahms's criminal conviction became final before the conclusion of his civil case, Dahms's contention that the estoppel doctrine is inapplicable is not well taken. See *Village of Alsip v. Portincaso*, 2017 IL App (1st) 153167, ¶ 29. In addition, *Ballweg* does not clarify whether its rule is confined to state appellate review only.[4] Even if we were to consider it error to apply collateral estoppel prior to the *certiorari* denial, we agree with Enadeghe that any error was harmless. There is no indication the judge, who found collateral estoppel barred the jury's consideration of liability, would have reached a different result several months later when *certiorari* was finally denied. Dahms does not address Enadeghe's harmless error argument in his reply brief.

¶ 21   Dahms next argues that the trial court erred in denying his motion for a mistrial when Officer Barber mentioned that Dahms had been arrested following the incident and that she

---

[4]Dahms cites criminal cases holding that a conviction is final on expiration of appeal for or denial of *certiorari* before the United States Supreme Court. But the cases he relies on specifically deal with retroactivity analysis under *Teague*, and it is not at all clear that those distinct rules would apply in the present context.

remembered the incident because it seemed like a "senseless act" to her. Given that the only issue before the jury was that of damages, we do not find Dahms's argument that this caused prejudice persuasive. In addition, the court cured any error by sustaining defense counsel's objections and instructing the jury to disregard the testimony. See *In re Commitment of Butler*, 2013 IL App (1st) 113606, ¶ 55. We also note that the jury was never presented with Dahms's criminal conviction. Rather, the court made a determination that collateral estoppel made that unnecessary. Thus, to the extent Dahms argues that the trial court showed favor to Enadeghe over Dahms before the jury, we find it disingenuous.

¶ 22     Dahms lastly contends that the trial court abused its discretion in permitting Enadeghe to amend his complaint to include willful and wanton misconduct as count II. Dahms makes a blanket assertion that he was prejudiced without developed argument or supporting authority, thus waiving the contention. *Weidner v. Szostek*, 245 Ill. App. 3d 487, 494 (1993). Regardless, section 2-616 of the Code of Civil Procedure (735 ILCS 5/2-616 (West 2012)) explicitly authorizes a plaintiff to amend a complaint for just reason at any time before or after final judgment to conform pleadings to the proof. Given that civil battery was alleged in the initial complaint, and the existence of Dahms's criminal conviction, we can see no prejudice in permitting the amended pleading. See *Paschen Contractors, Inc. v. City of Kankakee*, 353 Ill. App. 3d 628, 638 (2004). Dahms could have easily anticipated a theory of negligent and willful and wanton misconduct, *i.e.*, intentional or reckless misconduct. Dahms also seems to imply that the amendment was impermissible because willful and wanton misconduct is not a "separate and independent tort," but we find this argument meritless. It is clear that Enadeghe, in alleging count II, was simply asserting that the injury resulted from more than just ordinary negligence, *i.e.*, some degrees above it, thus inserting intentionality and recklessness into the allegations. See *Ziarko v. Soo Line R.R. Co.*, 161 Ill. 2d 267, 275-76 (1994); *Doe v. Catholic Bishop of Chicago*, 2017 IL App (1st) 162388, ¶ 13 (a plaintiff may plead in alternative counts that certain conduct constitutes either negligence or willful and wanton misconduct). In addition, our holding that collateral estoppel applies guts Dahms's argument as to prejudice. Based on our rulings set forth above, the trial court did not abuse its discretion in denying Dahms's motions for mistrial.

¶ 23     We note that defendant's briefs exhibit a number of violations of the Illinois Supreme Court rules governing practice in the appellate court, which are mandatory, not suggestive. *Perona v. Volkswagen of America, Inc.*, 2014 IL App (1st) 130748, ¶ 21. For example, Illinois Supreme Court Rule 341(h)(7) (eff. Jan. 1, 2016) requires the appellant to set forth contentions on appeal and the reasons therefor, with citation to the authorities and the pages of the record relied on. Illinois Supreme Court Rule 341(h)(6) (eff. Jan. 1, 2016) requires an accurate statement of the facts without argument or comment. Dahms violated both of these rules. We note that this court is not a repository for an appellant to foist the burden of argument and research. *Cimino v. Sublette*, 2015 IL App (1st) 133373, ¶ 3. To the extent Dahms makes additional arguments absent appropriate citation, we decline to address them. In addition, points not argued are waived and shall not be raised in the reply brief or on petition for rehearing. Ill. S. Ct. R. 341(h)(7) (eff. Jan. 1, 2016).

¶ 24                                              CONCLUSION
¶ 25     For the reasons stated above, the judgment of the trial court is affirmed.

¶ 26    Affirmed.